NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite a memorandum decision in a brief or at oral argument should review Appellate Rule 214(d).*

THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| EDWARD C., | ) | |
| | ) | Supreme Court No. S-14619 |
| Appellant, | ) | |
| | ) | Superior Court Nos. 3PA-09-00111; |
| v. | ) | 3PA-09-00112; 3PA-09-00113; |
| | ) | 3PA-09-00114 CN |
| STATE OF ALASKA | ) | |
| DEPARTMENT OF HEALTH & | ) | MEMORANDUM OPINION |
| SOCIAL SERVICES, OFFICE OF | ) | AND JUDGMENT[*] |
| CHILDREN'S SERVICES, | ) | |
| | ) | No. 1432 – September 5, 2012 |
| Appellee. | ) | |
| | ) | |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Palmer, Vanessa White, Judge.

Appearances: Marjorie K. Allard, Assistant Public Defender, and Quinlan Steiner, Public Defender, Anchorage, for Appellant. Megan R. Webb, Assistant Attorney General, Anchorage, and Michael C. Geraghty, Attorney General, Juneau, for Appellee State. Krista N. Anderson, Assistant Public Advocate, Richard K. Allen, Public Advocate, Anchorage, Guardian ad Litem.

Before: Carpeneti, Chief Justice, Fabe, Winfree, and Stowers, Justices.

---

[*]     Entered under Appellate Rule 214.

## I. INTRODUCTION

Edward C.[1] challenges the termination of his parental rights to his four children. The superior court found that the children were in need of aid under AS 47.10.011(1) (abandonment); (2) (incarceration); (7) (risk of sexual abuse); and (8) (risk of mental injury). Edward challenges the superior court's finding that the children are in need of aid under AS 47.10.011(1) (abandonment) and (2) (incarceration). Edward also challenges the superior court's finding that he failed to remedy any abandonment. Finally, he argues that the court erred in failing to grant a continuance of his termination trial until after his criminal trial was completed, claiming that his ability to participate in the termination trial was hampered by his pretrial status in his criminal case, which involved charges of sexual abuse of the children. Because Edward has not challenged the superior court's finding that the children were in need of aid under AS 47.10.011(8) (risk of mental injury), we affirm the superior court's termination.

## II. FACTS AND PROCEEDINGS

Edward C. is the father of four children: Tristan (age 12), James (age 11), Laurence (age 10), and Henrietta (age 8). Their mother, Philippa, is also the mother to two other children from a previous relationship, Tillie G. and Terrence G. This appeal only involves the four younger children. Edward and Philippa began their relationship about a year before their son Tristan was born, when Edward was 17 years old and Philippa was 23. At some point, they moved in together and lived with Terrence and Tillie. Edward and Philippa were married in 2003.

Edward and Philippa separated on December 28, 2006. Around the time of Philippa and Edward's separation, two neighbors approached Philippa to raise

---

[1] We use pseudonyms to protect the family's privacy.

concerns that Edward had been sexually abusing Philippa's older children, Terrence and Tillie.

Philippa filed for a protective order against Edward on January 5, 2007, alleging domestic violence and abuse against the children. The protective order application detailed the domestic violence Edward perpetrated against Philippa. Philippa claimed Edward choked her and lifted her until she almost passed out, and that he "used [a] martial arts hit to [her] temple," which caused her head to slam against a wall and go "through [the] first layer of sheetrock." She described Edward twisting her wrist and calling her names in front of the children. She described an incident where her shoulder was seriously injured after Edward threw a metal fold-up chair at her in front of the children.

Philippa also detailed incidents in which Edward had abused the children. For example, she described finding her son James with "red hand print welts on his left cheek, ear and part of his neck"; Philippa reported that James told her that Edward had slapped him. The protective order application also included a statement from Philippa's older son, Terrence, who reported, among other examples of sexual abuse, that Edward would "on a regular basis" rub his penis on Terrence and would "slap [Laurence and Tristan] in the face with his penis."

The superior court granted the protective order and granted temporary custody of all the children to Philippa.

In late January 2007 Philippa took the children to The Children's Place, a facility in Anchorage where law enforcement, child protection, and medical personnel meet to coordinate investigations of possible child abuse. While the children were there, the Office of Children's Services substantiated reports of sexual abuse against Edward and parental neglect due to parental substance abuse against Philippa. Philippa was instructed to keep all of her children away from Edward.

In March 2008 Edward stipulated to a domestic violence protective order, which limited him to supervised visitation. Despite the order's allowance for it, Edward did not visit his children.

In the fall of 2008, Philippa placed the children in therapy with Denali Family Services because the boys were fighting, having nightmares, and did not know how to interact. The boys were also engaging in cruelty to animals. And Philippa reported that James had tried to hang himself when he was seven years old. Tristan was diagnosed with attention-deficit/hyperactivity disorder (ADHD), posttraumatic stress disorder, and oppositional defiant disorder; James with ADHD, posttraumatic stress disorder, and disruptive behavior disorder; and Laurence with ADHD, oppositional defiant disorder, anxiety disorder, and separation anxiety disorder.

In February 2009 Edward and Philippa obtained a divorce and the court issued an order that granted legal and physical custody to Philippa but granted Edward joint authority to make the children's medical decisions. The decree prohibited Edward from contacting his children until he had engaged in family therapy and mental health counseling to address the allegations of sexual abuse, a recent suicide attempt, and anxiety.

In November 2009 OCS filed an emergency petition for temporary custody of the children. The petition detailed many prior reports of harm, including lack of heat, lack of food in the house, and suspected drug users in the home. At this time Edward had not had contact with the children for two years. The children were removed and a case plan was developed for Edward and Philippa. It required that Edward complete a sex offender assessment referral and undergo reintegration therapy. Edward submitted to a mental health evaluation, and Dr. Michael Rose, a clinical psychologist, concluded that Edward had a narcissistic personality disorder and that he required extensive therapy.

In 2011 the children were again interviewed at The Children's Place. They recounted numerous incidents of physical, sexual, and mental abuse. During his interview at The Children's Place, Tristan testified that Edward walked around naked and described an incident in which Edward "used his hand to wipe his privates and then put [sticky stuff] on my face." Tristan described how he witnessed Edward raping Tillie when Tristan hid in a closet. Tristan testified to seeing his brother James "putting his thing . . . inside [Henrietta's] private area." He further testified to seeing pornography around the house and on his father's laptop. On March 22, 2011, OCS filed a termination petition. The State initiated criminal proceedings against Edward for multiple counts of sexual abuse.

A termination trial was held from September to November of 2011. At the hearings, Philippa testified that starting in 2000, Edward physically abused her, and that the abuse eventually progressed into physical abuse of the children. She described Edward's domestic violence, including the incident in which he threw a chair at her. She testified that Edward would smack the children randomly and would punch holes in the walls. Philippa also testified that she witnessed grossly inappropriate sexual behavior by Edward. Tillie also testified to extensive sexual abuse by Edward. Tillie testified that she attempted to tell her mother but Edward denied the allegations, and Philippa did not believe her. Tillie and Philippa both testified that they had witnessed Edward inappropriately kissing Henrietta's genitals after cleaning her when she was a baby. April Tenney, a clinician at Denali Family Services, also testified, describing the three boys' diagnoses and treatment. The superior court terminated Philippa's and Edward's parental rights on January 19, 2012.

Edward appeals.

## III.  STANDARD OF REVIEW

When reviewing termination proceedings we review a superior court's findings of fact for clear error.[2] Findings are clearly erroneous only when we are left with a definite and firm conviction that a mistake has been made after a review of the entire record.[3] Whether a parent has remedied the conduct or conditions that place the child at risk and whether returning the child would place the child at substantial risk are "factual determinations best made by a trial court after hearing testimony and reviewing evidence, not legal determinations to which [we] may apply [our] independent judgment. Best interest determinations are likewise factual findings subject to clear error review."[4] "We bear in mind at all times that terminating parental rights is a drastic measure."[5]

## IV.  DISCUSSION

### The Trial Court Properly Terminated Edward's Parental Rights.

In order to terminate parental rights under AS 47.10.088, the superior court must find, by clear and convincing evidence, that (1) the child has been subjected to conduct or conditions described in AS 47.10.011 (that the child is in need of aid);[6] (2) the parent has not remedied the harmful conduct or conditions or has failed to address

---

[2]  *Christina J. v. State, Dep't of Health & Soc. Servs., Office of Children's Servs.*, 254 P.3d 1095, 1103 (Alaska 2011).

[3]  *Josephine B. v. State, Dep't of Health & Soc. Servs., Office of Children's Servs.*, 174 P.3d 217, 220 (Alaska 2007) (citing *Winston J. v. State, Dep't of Health & Soc. Servs., Office of Children's Servs.*, 134 P.3d 343, 345-46 (Alaska 2006)).

[4]  *Christina J.*, 254 P.3d at 1104 (internal citations omitted).

[5]  *Id.* (quoting *Martin N. v. State, Dep't of Health & Soc. Servs., Div. of Family & Youth Servs.*, 79 P.3d 50, 53 (Alaska 2003)).

[6]  AS 47.10.088(a)(1); *see also* AS 47.10.011.

the conditions that are likely to harm the child in the future;[7] and (3) the State has made reasonable efforts to reunite the parent and the child.[8] The superior court must also find, by a preponderance of the evidence, that termination of parental rights is in the child's best interests.[9]

Edward directly challenges only the superior court's findings that the children were in need of aid pursuant to AS 47.10.011(1) (legal abandonment) and (2) (incarceration).[10] Neither Edward's statement of points on appeal nor his opening brief addresses the merits of the superior court's findings regarding AS 47.10.011(7) (sexual abuse) and (8) (mental injury). And in his reply brief, Edward concedes the "sexual abuse and mental abuse allegations were not challenged on direct appeal."

Instead, he argues that he was unable to challenge these findings because the superior court failed to grant a continuance of his termination trial until after the conclusion of his criminal trial. Edward explains that the "allegations were not challenged on direct appeal because [he] was unfairly hampered in his ability to fully litigate these allegations below by his pending criminal case and the wholly unexpected timing of his arrest in that case." But while Edward cites to his argument that the trial court erred by failing to grant his request for a continuance as justification for his failure to challenge the superior court's decision, Edward only argues that his rights were violated relating to the sexual abuse charges. He argues that his "ability to meaningfully

---

[7]     AS 47.10.088(a)(2).

[8]     AS 47.10.088(a)(3); *see also* AS 47.10.086.

[9]     CINA Rule 18(c)(3); AS 47.10.088(b)-(c).

[10]     Edward also challenges the superior court's conclusion that he failed to remedy the abandonment. He does not challenge the superior court's conclusion that timely and reasonable efforts were made to achieve reunification, nor its findings that termination was in the children's best interests.

participate in the termination trial was affected by the pending criminal charges, which involved sexual misconduct that was directly relevant to the termination issues before the court" and that if the criminal trial had been held before the termination trial then the court "would have been in a better position to evaluate the evidence of Edward's alleged sexual misconduct at the termination trial."

While the superior court's findings of mental injury were partially based on the sexual assault allegations that Edward claims he was unable to challenge, the superior court also repeatedly emphasized in its termination findings that the mental injuries suffered by the children also resulted from domestic violence. The superior court found that Edward caused his children mental injury by

> actively perpetrating domestic violence on the mother and children . . . . Both [Philippa and Tillie] reported significant and frequent domestic violence in the home perpetrated on [Philippa] and excessive discipline with respect to the boys. The boys have experienced mental injury. Their diagnos[e]s . . . grew from what they saw and experienced in terms of observing domestic violence and being the victims of excessive discipline . . . .

Edward does not challenge the superior court's findings that his perpetration of domestic violence and physical abuse caused the children mental injury. Thus, even accepting Edward's argument that he was unable to defend himself against sexual abuse allegations due to his criminal trial, the superior court's finding that the children were in need of aid under AS 47.10.011(8) (mental injury) remains unchallenged.

The State argues that we therefore "need not consider" Edward's challenges to the superior court's findings under AS 47.10.011(1) (abandonment) and (2) (incarceration) because Edward did not challenge the superior court's finding that the children were in need of aid pursuant to AS 47.10.011(7) (sexual abuse) and (8) (mental

injury), which, standing alone, are sufficient to support a termination order. Indeed, AS 47.10.011 provides that "the court may find a child to be a child in need of aid if it finds by a preponderance of the evidence that the child has been subjected to *any* of the" listed factors. (Emphasis added.) In *Alyssa B. v. State, Department of Health & Social Services*, we considered a case where the superior court found that a child was in need of aid based on two alternative AS 47.10.011 factors but the parent challenged only one of those findings. We concluded that because "either finding alone would support the termination order," the parent's challenge to only one finding would have "no impact on the outcome of the case."[11]

Therefore, because Edward has not challenged the superior court's findings that the children are in need of aid due to mental injury caused by domestic violence, we affirm those findings and decline to address Edward's challenges to the superior court's findings on other grounds for termination.[12]

## V. CONCLUSION

For the foregoing reasons, we AFFIRM the trial court's finding that the children are in need of aid pursuant to AS 47.10.011(8) (mental injury) and its decision terminating Edward C.'s parental rights.

---

[11] 165 P.3d 605, 618 (Alaska 2007); *see also Barbara P. v. State, Dep't of Health & Soc. Servs., Office of Children's Servs.*, 234 P.3d 1245, 1254 n.17 (Alaska 2010).

[12] Because none of Edward's other challenges relate to domestic violence, we do not address them. *See supra* note 10.